UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILFRID JEAN,<br><br>              Petitioner,<br><br>          v.<br><br>ANTONE MONIZ, in his official capacity as Superintendent, Plymouth County Correctional Facility,<br>DAVID WESLING, in his official capacity as Acting ICE Boston Field Office Director, U.S. Immigration and Customs Enforcement,<br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigrations and Customs Enforcement,<br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,<br>PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>              Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 26-11446-WGY |

YOUNG, D.J.                                          April 3, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Wilfrid Jean ("Jean") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Abbreviated Resp. Habeas Pet. ("Resp."),

ECF No. 7.  The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Jean poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

FACTUAL BACKGROUND.  Jean is a native and citizen of Haiti. Pet. ¶¶ 1, 13.  He was detained by Immigration Customs Enforcement ("ICE") on March 22, 2026, and has since remained in its custody.  Id. ¶¶ 3, 6, 23.  Jean contends that his detention violates INA provisions and his rights under the Due Process Clause of the Fifth Amendment.  Id. ¶¶ 45, 54, 63.  Thus, Jean requests a bond hearing.

ANALYSIS.  District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention.  Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023).  Since Jean challenges his continued detention, this Court has jurisdiction over his petition.

[2]

Jean claims he has resided in the United States since July 2024.  Pet. ¶ 2.  On July 8, 2025, Jean filed his asylum application with the Immigration Court.  Id. ¶¶ 2,21.  On March 22, 2026, he was arrested and detained by ICE at his home.  Id.

This case presents analogous legal issues as the ones addressed in this Court's recent decision in Gonzalez Guerrero, 26-cv-11293-WGY, ECF No. 7 (D. Mass. Mar. 31, 2026). Considering factual similarities, this Court reasons that the same conclusion is warranted here.

Jean was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) and therefore returned to mandatory custody under 8 U.S.C. § 1225(b).  Questions regarding constitutionality of his detention, however, are not thereby dispensed with.  Accordingly, this Court rules that, as the due process requires, Jean is entitled to a bond hearing before an immigration judge.

For the foregoing reasons, the Court rules as follows.  The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that Jean poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order.

[3]

The Court ORDERS Respondents to file a status report -- stating whether petitioner Jean has been granted bond and, if the request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

        **SO ORDERED.**

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE

[4]